## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TERRY KELLY (#84380)**                               **CIVIL ACTION NO.**

**VERSUS**                                                        **17-591-SDD-EWD**

**UNKNOWN BROWN, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 25, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY KELLY (#84380)                                         CIVIL ACTION NO.

VERSUS                                                       17-591-SDD-EWD

UNKNOWN BROWN, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Terry Kelly ("Plaintiff"), an inmate confined at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana filed this proceeding pursuant to 42 U.S.C. § 1983 against Unknown Lt. Brown, Tim Delaney, "Assist Warden G. McKey", Matt Sparks (Case Manager), Susan Connars, Kristan Thomas, James LeBlanc, Unknown Lt. Gov. Nungessor, Unknown Major Mable, Unknown Major Landry, Unknown Dr. Toss, and Robert Tener. Plaintiff's Complaint revolves around one event, which occurred on October 2, 2016, when Plaintiff was allegedly attacked by another inmate.[1]  For relief, Plaintiff requests "fair judgment" and $1,000,000.00.[2]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The statutes impose similar standards for dismissal.[3]  Both statutes are intended

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 6.
[3] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff.  Plaintiff was granted permission to proceed *in forma pauperis* on November 7, 2017.  (R. Doc. 3).

to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[4] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[5] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[6] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[7] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed.

Plaintiff's sole allegation in the instant matter is that he was attacked by another inmate.[8] After the alleged attack, Plaintiff was moved for his protection until the attacker was identified.[9] Once Plaintiff's attacker was identified and sent to administrative segregation, Plaintiff was given, and took the opportunity, to move back to his living area.[10] Plaintiff admits he was taken to the emergency room after the attack, where he was examined and pain medication was prescribed.[11]

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates.[12] Specifically, prison officials "have a duty ... to protect prisoners from violence at the

---

[4] *Denton*, 504 U.S. at 32-33.
[5] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[6] *Denton v. Hernandez, supra*, 504 U.S. at 32.
[7] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[8] R. Doc. 1, p. 5.
[9] R. Doc. 1-1, p. 2.
[10] R. Doc. 1-1, p. 2.
[11] R. Doc. 1-1, p. 2.
[12] *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986).

hands of other inmates."[13] "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law.[14] A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.[15] The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.[16]

Plaintiff does not allege that his attacker was on Plaintiff's enemy list or should have been, nor does Plaintiff allege that there was any reason to believe Plaintiff's attacker posed a threat to Plaintiff prior to the attack. Further, Plaintiff admits he was treated promptly following the attack, that officials took immediate action to identify the alleged attacker and Plaintiff was protectively removed from his dorm. Also, according to a Notification of Outcome of Allegation,[17] Plaintiff's allegations regarding his attack were determined to be substantiated and the alleged attacker was referred to the district attorney. Plaintiff has failed to allege that any of the defendants had knowledge that Plaintiff faced a substantial risk of serious harm or a risk of any harm at all or that any defendant acted with deliberate indifference following the attack.

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district

---

[13] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[14] *Id.* at 837.
[15] *Id.* at 847.
[16] *Id.* at 837.
[17] R. Doc. 1-1, p. 3.

3

court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[18]  As Plaintiff's federal claims should be dismissed for failure to state a claim upon which relief can be granted, it is recommended that the Court decline to exercise supplemental jurisdiction over any potential state law claims.

## RECOMMENDATION

**IT IS RECOMMENDED** that this action be **DISMISSED, WITH PREJUDICE**, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[19]

**IT IS FURTHER RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims.

Signed in Baton Rouge, Louisiana, on October 25, 2019.

                                                                                                 *Erin Wilder-Doomes*
                                                                                                 **ERIN WILDER-DOOMES**
                                                                                                 **UNITED STATES MAGISTRATE JUDGE**

---

[18] 28 U.S.C. § 1367.
[19] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."